IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DON ELLINGFORD<br><br>　　　　Defendants. | Case No. 4:CR 10-24-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**MEMORANDUM DECISION**

The Court has before it defendant's motion to continue trial. Defendant Ellingford is charged with 2 counts of possession of methamphetamine with intent to distribute. He asks for a continuance because he received on January 28, 2011, about 35 pages of additional discovery on the chain of custody. To evaluate the impact of this discovery on his challenge to the chain of custody of the drugs, he requests the appointment of a second expert – the Court has already appointed one expert to evaluate whether the chain of custody documents were forged. Ellingford represents that this second expert is not available for the trial as now set on February 14, 2011, and thus a continuance is necessary.

The Court has resolved Ellingford's request in a separate sealed and ex parte order. Without revealing what is in that decision, and solely for the purposes of resolving the

**Memorandum Decision & Order - 1**

present motion, the Court finds that the chain of custody is a factual matter that is not based on complicated scientific analysis, and hence does not warrant continuing this trial to accommodate the hiring of a second expert. Moreover, the 35 pages of material provided by the Government is not so massive that it requires additional time for preparation - the defendant will have over two weeks to analyze this small number of documents.

Ellingford also claims that his counsel needs additional time to prepare. However, the case itself and the defenses are simple and do not require extensive time. Ellingford's expert has known about the trial since his appointment, and must be aware of his duty to complete his work with sufficient time to give the United States Attorney an opportunity to review it prior to trial.

One factor the Court must consider is the public interest in the prompt disposition of criminal proceedings. *U.S. v. Martinez-Martinez*, 369 F.3d 1076, 1085 (9th Cir. 2004). Despite the fact that this case involves two uncomplicated charges, more than a year has passed since the indictment was filed. There have been six continuances in the case. At some point, the public is entitled to a speedy trial. That point has been reached here. Moreover, the reasons stated by Ellingford for a continuance are not compelling, as discussed above. For all these reasons, the motion will be denied.

## ORDER

In accordance with the Memorandum Decision set forth above

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to continue

**Memorandum Decision & Order - 2**

(docket no. 54) is DENIED.



DATED: **February 4, 2011**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision & Order - 3**