IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DON ELLINGFORD<br><br>    Defendants. | Case No. 4:CR 10-24-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Defendant Ellingford filed a motion in limine seeking to "prevent the Government from presenting the drug evidence in this matter as a proper chain of custody is not present in this case." *See Motion in Limine (Dkt. 35)* at p. 1. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Ellingford has been charged with two counts of possession of methamphetamine with intent to distribute. The charges are based on the allegation that on two occasions, a confidential informant purchased methamphetamine from Ellingford. The Government alleges that the drugs from both sales were tested in a police laboratory and found to contain methamphetamine.

In his motion, Ellingford alleges that the documents establishing the custody of the drugs

contain gaps, preventing the Government from showing an unbroken chain of custody of the drugs. On that ground, Ellingford seeks to exclude the seized drugs from evidence.

The authentication of evidence is "satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." *Fed.R.Evid. 901(a)*. If the evidence is an object connected with the commission of a crime – as the drugs are here – the Government must also establish the chain of custody. *U. S. v. Harrington*, 923 F.2d 1371, 1374 (9th Cir.).

The Government must introduce sufficient proof so that a reasonable juror could find that the drugs are in "substantially the same condition" as when they were seized. *Id*. The court may admit the evidence if there is a "reasonable probability the article has not been changed in important respects." *Id.* Further, in the absence of any evidence of tampering, a presumption exists that public officers "properly discharge[ ] their official duties." *Id.* Merely raising the possibility of tampering is not sufficient to render evidence inadmissible. *Id*. The possibility of a break in the chain of custody goes only to the weight of the evidence. *Id*.

Assuming, without deciding, that Ellingford's allegations about the custody documents are correct, they show at most breaks in the chain of custody, not tampering. Under *Harrington*, that is insufficient to render the seized drugs inadmissible but would merely go to the weight of the Government's allegation that the drugs contain methamphetamine.

For that reason, the Court will deny Ellingford's motion to exclude the drugs. Ellingford also requested a hearing prior to trial on this issue, but the Court will reject that request. These issues can be fully heard at trial.

This decision does not absolve the Government of its duty at trial to authenticate the drugs under Rule 901 and establish the chain of custody pursuant to *Harrington*. The defendant

remains free to challenge the Government's proof in this regard and object to the admission of the drugs. The Court is merely holding that at this pre-trial stage of the litigation, there is not sufficient proof to warrant exclusion of the drugs.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion in limine (docket no. 35) is DENIED.

DATED: **February 7, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 3**