UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DON ELLINGFORD<br><br>Defendant. | Case No. CR-10-24-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it Defendant Don Ellingford's motion for a new trial. Ellingford was charged and convicted of two counts of possession of methamphetamine with intent to distribute. He claims that newly discovered evidence requires a new trial. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

# LEGAL STANDARD

A new trial may be granted by the district court when the "interest of justice so requires." Fed. R. Crim. P. 33(a). A defendant seeking a new trial on the basis of newly discovered evidence must prove:

> (1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial.

*United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009) (en banc).

## ANALYSIS

### Newly Discovered Evidence

The newly discovered evidence in this case is a recent Idaho State Police administrative investigation of several employees of the Idaho State Forensic Laboratory located in Pocatello. Laboratory employees admitted to maintaining a box of undocumented "display drugs." The box contained a cache of unusual controlled substances that lab scientists kept to train new employees and to show students during tours. Employees kept the box after changes to laboratory accreditation regulations in 2007 should have led to its destruction. *See Exhibit E (Dkt. 122-2) at p. 2.* Rocklan McDowell, a former Laboratory employee who processed the drug samples in this case and testified as a Government witness, admitted that he knew of the existence of the box, and hid the box to prevent its discovery and destruction during annual audits. *Id.* at pp. 14-18.

This evidence does not justify vacating the Ellingford's conviction. Though it meets the first and second prongs of the *Hinkson* test, it does not reach the standard required under the third, fourth, or fifth prong.

First, the newly discovered evidence is not material to an "essential element of the [G]overnment's case." *United States v. Davis*, 960 F.2d 820, 825 (9th Cir. 1992). The Idaho State Police report did not unearth evidence that any Laboratory employee tampered with evidence samples in individual cases, much less the evidence in

Ellingford's case. There is no evidence that the box even contained methamphetamine samples. *Id.* at ¶ G, p. 10 ("The box contains ecstasy tablets, LSD, Heroine [sic], Marijuana, and it also contained non controlled substances . . . .").[1] The evidence is therefore not material to the admissibility of the controlled substance in this case, nor to the chain of custody issues Ellingford probed during trial.

The primary import of the new evidence is as impeachment of McDowell's character for truthfulness. Evidence that is merely impeaching is generally not grounds for a new trial. *Hinkson*, 585 F.3d at 1266. Impeachment evidence may be so powerful that it "would do more than merely impeach [the witness]; it would render his testimony useless." *Davis*, 960 F.2d at 825. The new evidence in this case does not reach that level. McDowell's willingness to flout administrative regulations, while certainly troubling, does not render his testimony describing the handling and testing of the controlled substances in this case "totally incredible." *Id.*; *see also United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (concluding that new evidence impeaching a portion of police officers' testimony did not "render their testimony wholly incredible.").

Finally, even if the new evidence is material, Defendant "cannot show that a new trial would probably result in acquittal." *Harrington*, 410 F.3d at 601. At best, the report bolsters other evidence highlighted by Ellingford at trial suggesting that Laboratory

---

[1] Defendant states that the Idaho State Police report included an inventory of the drugs contained in the box, which it has been unable to acquire. *See Reply Brief (Dkt. 128)* at p. 4 n.3. Be that as it may, at this time there is no evidence before the Court that Laboratory scientists had access to an undocumented supply of methamphetamine.

**Memorandum Decision and Order - 3**

personnel did not fully comply with proper procedures for handling evidence. *See Opening Brief (Dkt. 122)* at 18 (listing evidence highlighted during trial to show McDowell's deviation from proper procedure). Like the rest of this evidence, the improprieties disclosed in the report do not amount to evidence of actual tampering with drug samples. Beyond the fact that cumulative evidence does not justify a new trial, *Hinkson*, 585 F.3d at 1266, the report is *less* probative than the evidence already presented to the jury because it does not concern the samples at issue in this case. Further, significant evidence in the record corroborates McDowell's test results showing that the controlled substance was methamphetamine: the testimony of the Government's confidential informant, the recorded conversations between Ellingford and the confidential informant, and the independent test results from the Idaho State Police Laboratory in Coeur d'Alene.

**Provision of Discovery**

Ellingford also renews his objection to the Government's "untimely" provision of some discovery documents. The Court considered this argument prior to trial and determined that it did not warrant a continuance. It does not now warrant a new trial.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Ellingford's Motion to Vacate the Judgment and Grant a New Trial (docket no. 122) is DENIED.

            DATED:  **September 6, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 5**